IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAIRIE T. PIERCE, JR.                                                                                    PLAINTIFF

vs.                                              CIVIL ACTION NO.:  1:12cv226-SA-DAS

EMMITT SPARKMAN, et al.                                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, *sua sponte,* for consideration of dismissal.  Plaintiff Jairie T. Pierce, Jr., an inmate currently incarcerated in the Alcorn County Regional Correctional Facility, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983 alleging that he was kept in State custody after his discharge date and seeking monetary compensation from the following defendants:  Emmitt Sparkman, the Mississippi Department of Corrections, Christopher Epps, Robert Scott, Dorothy Johnson, Kenneth Fox, Bonito Clark, Eddie Cupit, David Petrie, Doug Mullins, Lashonda Blanchard, Jason Kay, and Mrs. Blackwill.  After carefully considering the pro se complaint and exhibits filed by Plaintiff, and giving the complaint liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court concludes that the instant complaint should be dismissed, for the reasons that follow.

**Background Information and Plaintiff's Allegations**

In November 2004, Plaintiff was convicted of grand larceny in Marshall County and was sentenced a serve a term of five years in the custody of the Mississippi Department of Corrections.  (*See* Compl. Ex. A4, A5).  He was conditionally paroled on or about July 20, 2009, with a discharge from custody date of July 18, 2010.  (*See id.*, Ex. A2, A3).  On or before October 5, 2009, Plaintiff was arrested and held in the DeSoto County Jail.  (*See, e.g., id.* Ex.

1

A6). An arrest warrant issued for Plaintiff on January 12, 2010, alleging that Plaintiff had violated the terms of his parole agreement by failing to report to the Mississippi Department of Corrections ("MDOC") as directed, failing to remain in a specified area, and failing to pay his monthly fees to MDOC as directed. (*See id.*, Ex. A4). Because a warrant had issued for his arrest, Plaintiff's July 2010 discharge date was tolled, and he was not discharged from custody at that time.

In September 2010, Plaintiff was found guilty of grand larceny and sentenced by the Circuit Court of Tate County to a ten year term of imprisonment. A revocation warrant issued against him on October 11, 2010, asserting that his conviction of grand larceny in Tate County established a reasonable cause to believe that he had violated his parole agreement. (*See id.,* Ex. A5). Plaintiff completed his sentence for his Marshall County conviction in July 2011. (*See id.*, Ex. 2). He is now serving a sentence for his Tate County conviction of grand larceny.

Plaintiff contends that much of the information in the January 2010 warrant is false, and that the "true warrant," did not issue until October 11, 2010. At bottom, Plaintiff is arguing that his sentence computation records have failed to credit him with all of the time he has served, and/or that he should have been discharged from custody for the Marshall County conviction in July 2010, inasmuch as the January 2010 warrant was defective. Plaintiff maintains that since a faulty warrant held him in jail and his discharge date was impermissibly tolled, he should be given compensation to recoup the filing fees for the instant action, and an award of damages representative of the lost wages, lost family time, and the disrespect he has had to endure as a

result of Defendants' actions.[1]

## Discussion

A plaintiff cannot recover damages in a 42 U.S.C. § 1983 action for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he can demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* standard has been extended to a prisoner's sentence computation, *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995), and to a plaintiff's challenge regarding the validity of his revocation proceedings. *See, e.g.*, *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applying *Heck* to claim that, if resolved in plaintiff's favor, would imply invalidity of the revocation of plaintiff's probation and parole).

Plaintiff is currently in State custody and has not demonstrated that the sentence imposed upon him as a result of his revocation proceedings, or as a result of his Tate County conviction, have been invalidated in State or federal court. He cannot, therefore, raise a cognizable claim that he has been denied credit for time served, nor can he raise a claim for damages as a result of those proceedings. Because Plaintiff's claims and requested relief are barred by *Heck*, the instant complaint should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99 ,102 (5th

---

[1] He also requests the Court's assistance in getting witness statements for another lawsuit. However, the Court notes that the referenced lawsuit was dismissed on January 2, 2013. *See* Civil Action No.: 2:11cv86-A-A.

Cir. 1996) (finding claim barred by *Heck* legally frivolous).

## Conclusion

It is, therefore **ORDERED** that Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and/or as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a strike under § 1915(g). All pending motions are **DISMISSED**. A final judgment in accordance with this order will be entered today.

**SO ORDERED, THIS** the 18th day of April, 2013.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**